TORRES, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title Judgment.

No. 467.—Decided July 30, 1920.

POSSESSORY TITLE—SUMMONING PEOPLE OF PORTO RICO—ADJOINING OWNER.—When The People of Porto Rico are to be summoned in a possessory title proceeding as adjoining owners, the summons must be served on the Governor of the Island, and if the proceeding is prosecuted and judgment entered without summoning the Governor the registrar is justified in refusing to record the judgment.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Sinforoso Torres brought proceedings in the Municipal Court of Ciales to establish the possession of a rural property in the ward of Cordillera of the municipality of Ciales bounded on the north by lands belonging to The People of Porto Rico. When the adjoining owners were summoned The People of Porto Rico was summoned through the dis-

trict attorney of Arecibo. The proceedings were finally approved and upon being presented in the registry the registrar refused to record the title because the adjoining owner on the north, The People of Porto Rico, did not appear to have been duly summoned. Thereupon Torres appealed to this court.

Article 390 of the Mortgage Law in force in Porto Rico provides that possessory title proceedings may be prosecuted with a hearing of the representative of the department of public prosecution and the citation of the contiguous owners. The wording of the statute is that "the intervention of said representative shall be limited to a determination of whether the formalities prescribed by law are observed in the proceedings." It is not in this sense that the personality of the district attorney ·is discussed here. The question is whether or not the said official is such a representative of The People of Porto Rico that he may accept service of a summons when the law provides that a real property owner must be summoned and the said owner is The People of Porto Rico.

. In our opinion he is not. In such a case the real representative of The People is the Governor under the advice of his legal adviser, the Attorney General of Porto Rico. See sections 12 and 14 of the Organic Act of 1917.

Subdivision 5 of section 93 of the Code of Civil Procedure provides that a summons must be served by delivering a copy thereof, as follows:

"If against the Government of Porto Rico, to the Governor; or if against any municipality thereof, to the mayor of said municipality."

And in the case of *Saurí & Subirá* v. *Sepúlveda*, 25 P. R. R. 224, this court cited and applied the following rule:

"In a suit against the State, or to which a State is a party, process should be served upon the Governor and Attorney General

of the State, and, in the absence of special statutory provisions, it seems that service upon either one of these officers alone is sufficient.''

It will be said that this is not a suit, but an *ex parte* proceeding. However, the summons is served on the owners of the adjoining properties in order to give them an opportunity to object in case the application of the petitioner should prejudice their rights. And in many instances the adjoining owners oppose the *ex parte* proceeding which then becomes an adversary suit. At all events, it is wiser and more beneficial to the interested persons themselves that strict compliance with the law be required in these cases.

We have referred to the case of *González* v. *The People,* 10 P. R. R. 458. The doctrine therein laid down is not in point. That was a dominion title proceeding and it was held that it was not necessary to summon the Governor in every case, the intervention of the district attorney being sufficient. This is a possessory title proceeding and the summoning of the Governor is not required for the act of prosecuting the proceeding, but for the special reason that The People of Porto Rico is one of the adjoining owners.

The appellant finally contends that at most the defect should have been assigned as a curable defect and the title recorded with such defect. We are of a different opinion. The failure to summon an adjoining owner is an omission which voids the proceeding. The final judgment is entered on the basis that the adjoining owners were summoned and if in fact they were not, the judgment is null and void.

The decision appealed from must be

*Affirmed.* ·

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.